# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

TAMEKIA M. FORTNER,                )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )   Case No.: 2:19-cv-01409-JHE
                                   )
MEGAN J. BRENNAN,                  )
                                   )
    Defendant.                     )

## MEMORANDUM OPINION AND ORDER[1]

On August 27, 2019, Plaintiff Tamekia M. Fortner[2] ("Fortner") filed this action, alleging her employer, the United States Postal Service ("Defendant" or "USPS"),[3] discriminated against her on various occasions in 2017 and 2018 on the basis of sex and race and in retaliation against her for reporting discrimination. (Doc. 1). Defendant has moved to dismiss some of Fortner's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. (Doc. 12). Fortner opposes that motion, (doc. 23), and Defendant has filed a reply in support, (doc. 30). For the reasons stated below, the undersigned **CONVERTS** the motion to dismiss to a motion for summary judgment.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 19).

[2] Plaintiff initially filed this action under the name "Tamekia M. Foster," (*see* doc. 1), but later corrected the spelling of her surname. (*See* docs. 7-11).

[3] The named defendant in this action is Postmaster General Megan J. Brennan, (doc. 1), which is appropriate since "claims under Title VII for employment discrimination and retaliation may be brought only against the head of an agency in [her] official capacity." *Glover v. Donahoe*, 626 F. App'x 926, 931 (11th Cir. 2015) (citing *Canino v. United States EEOC,* 707 F.2d 468, 472 (11th Cir. 1983)). For convenience and clarity, this memorandum opinion refers the USPS as the defendant in this action.

## I. Legal Standard

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Even when a party does not assert a jurisdictional challenge, "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005). Simply put, a federal court is powerless to act beyond its constitutional or statutory grant of subject-matter jurisdiction. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Regardless of how the issue came before the court, a plaintiff, as the party invoking jurisdiction, bears the burden of establishing the court's subject-matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

A challenge to a court's subject-matter jurisdiction may come by way of a facial attack or a factual attack:

> Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.

*Garcia v. Copenhaver, Bell & Assocs., M.D.s*, 104 F.3d 1256, 1261 (11th Cir. 1997) (citations omitted).

Because Defendant relies on matters outside the pleadings, (*see* docs. 12-1, 30-1, 30-2, 30-3, 30-4 & 30-5), it raises a factual challenge. Under a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the

trial court from evaluating for itself the merits of jurisdictional claims." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam) (citation omitted). Indeed, "[i]n the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002); *Motta v. United States*, 717 F.3d 840, 844 (11th Cir. 2013). However, a court may only find that it lacks subject matter jurisdiction "if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (citations omitted). When a jurisdictional challenge implicates the merits of the plaintiff's claim, the court must "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.* (citations omitted). This ensures "a greater level of protection for the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place great restrictions on the district court's discretion." *Id.* (citations omitted) (alterations in original).

## II. Background

Fortner, a maintenance mechanic at the Birmingham, Alabama Post Office, has worked for the USPS for approximately eighteen years. (Doc. 1 at ¶ 7). Foster's supervisory chain of command is: Maintenance Operations Supervisor Brandon Jordan ("Jordan"), a white male; Maintenance Operations Support Manager Billy Darty ("Darty"), also a white male; and Maintenance Operations Supervisor Jermel Maness ("Maness"), a black male. (*Id.* at ¶ 8).

Fortner alleges she was disciplined for alleged rules infractions between October 2, 2017 and November 2017, while white and/or male employees were not punished for the same or more egregious infractions. (*Id.* at ¶ 9). Fortner states that she was issued a letter of warning on

December 12, 2017,[4] after she filed an Equal Employment Opportunity ("EEO") complaint earlier that month. (*Id.* at ¶ 11).

Between February and April of 2018, Fortner alleges she was called into Jordan's office on a weekly basis and verbally harassed regarding nonexistent workplace performance issues. (*Id.* at ¶ 12). Investigative interviews followed on April 26, 2018, and May 15, 2018, resulting in a seven-day suspension for unacceptable conduct. (*Id.* at ¶ 12-13). Fortner filed another complaint of discrimination regarding this seven-day suspension on May 22, 2018. (*Id.* at ¶ 14). Fortner attaches to her complaint a partial copy of the decision in EEO Case No. 1G-351-0035-18 (the "May 2018 Case"). (Doc. 1-1).

### III. Analysis

Defendant argues Fortner has failed to exhaust several claims, and thus the court lacks jurisdiction over them. (Doc. 12 at 4). Specifically, Defendant points to three out of Fortner's four claims[5] as unexhausted: (1) discipline for rules infractions in 2017, which Fortner appears to categorize as race and sex discrimination; (2) the letter of warning in December 2017 following Fortner's alleged EEO complaint, presumably a retaliation claim; and (3) retaliatory harassment about performance issues in February to April 2018. (*Id.* at 2). Defendant alleges only those claims related to Fortner's seven-day suspension are exhausted. (*Id.*).

---

[4] The undersigned assumes Fortner's reference to "December 12, 2107" is a typographical error.
[5] Specifically denominating Fortner's claims is confusing, because her complaint is extremely vague. (*See, e.g.,* doc. 1 at ¶ 9) (referring to unspecified "alleged rules infractions"). However, a fair reading of Fortner's complaint supports that she raises the four claims Defendant has identified.

Before she brings a claim under Title VII, a federal employee must exhaust her administrative remedies as a jurisdictional prerequisite. *See Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999). This requires her to "initiate administrative review of any alleged discriminatory or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act." *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) (citing 42 U.S.C. § 2000e–16(b); 29 C.F.R. § 1614.105(a)(1)). "When the discriminatory act results in a personnel action, the employee must contact an EEO counselor 'within 45 days of the effective date of the action.'" *Id.* (citing 29 C.F.R. § 1614.105(a)(1)). If she fails to do so, "the claim is barred for failure to exhaust administrative remedies," *id.* at 1344, and her complaint is due to be dismissed, *Robinson v. Jojanns*, 147 F. App'x 922, 924 (11th Cir. 2005) (citing 29 C.F.R. § 1614.107(a)(2).

Defendant attaches to its motion the inquiry report regarding the May 28, 2019 decision of the EEO in the May 2018 Case. (Doc. 12-1). That inquiry report shows Fortner initiated her complaint on May 22, 2018, based on a May 18, 2018 incident. (*Id.* at 1). Accordingly, Defendant argues Fortner may not seek relief in this court for any incident that occurred before April 7, 2018, 45 days prior to her initial contact with the EEO counselor. (Doc. 12 at 6).

Fortner responds that Defendant has failed to prove Fortner did *not* exhaust her administrative remedies. (Doc. 23 at 2). She then states "it appears" she filed a complaint in "December 2018 [sic]" (presumably meaning 2017, since a December 2018 complaint would not be timely as to her allegations of 2017 discrimination) regarding incidents prior to the ones addressed in the May 2018 case. (*Id.* at 3). Fortner also cites *Brown v. Snow*, 440 F.3d 1259, 1265 (11th Cir. 2006), for the proposition that Defendant bears the burden of establishing through evidence that Fortner did not comply with the requirement to "initiate contact within 45 days of the date of the matter alleged to be discriminatory," 29 C.F.R. § 1614.105(a)(1). (Doc. 23 at 3).

5

Defendant's rebuttal to this is that the evidence—specifically, Fortner's personnel records—refutes her claim. (Doc. 30 at 2). It attaches an affidavit from Melissa A. Romig, an attorney for the USPS, indicating Romig's review of the USPS's EEO database reveals Fortner did *not* initiate an EEO complaint in December 2017; instead, the only complaints Fortner initiated were the May 2018 Case and a complaint on January 23, 2017. (Doc. 30-1). Defendant also cites Fortner's record of prosecuting this case, including: (1) Fortner's counsel's initial misspelling of Fortner's name; (2) Fortner's failure to respond with confirmation of her name by the deadline the undersigned initially set, (*see* doc. 9), resulting in a second order to confirm her name, (*see* doc. 10); (3) Fortner's failure to timely file a response to the motion to dismiss, resulting in the undersigned ordering Fortner to file a response by a second, extended deadline, (doc. 21); and (4) errors in Fortner's briefing, including her oblique indication that it "appears" there is a December 2018 EEO complaint (by which Fortner presumably meant a December 2017 complaint) coupled with no evidence to support that this complaint exists. (Doc. 30 at 6-8).

Since Defendant raises a facial attack on the court's subject-matter jurisdiction over some of Fortner's claims, the first question is whether its attack implicates the claims' merits. *See Morrison*, 323 F.3d at 925. For two of Fortner's claims, it does. Specifically, Fortner's retaliation claims concerning both her December 2017 and February-April 2018 allegations require her to demonstrate that she "engaged in statutorily protected activity, [s]he suffered a materially adverse action, and there was some causal relation between the two events.'" *Butler v. Alabama Dept. of Transp.*, 536 F.3d 1209, 1213 (11th Cir. 2008) (quoting *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008)). In other words, the prior EEO complaints Fortner alleges exist support the first element of Fortner's *prima facie* case of retaliation. Accordingly, the court may not apply the 12(b)(1) standard as to Fortner's claims of retaliation, and must instead "treat[] the

6

motion as a motion for summary judgment under Rule 56 and refrain[] from deciding disputed factual issues." *Morrison*, 323 F.3d at 925.

Defendant's remaining attack on jurisdiction as to Fortner's claim of discrimination in 2017, which she characterizes as race and sex discrimination, (*see* doc. 1 at ¶ 9), is not an attack on the merits of the claim. To show discrimination based on race or sex, Fortner must show "(1) that she belongs to a protected class, (2) that she was subjected to an adverse employment action, (3) that she was qualified to perform the job in question, and (4) that her employer treated 'similarly situated' employees outside her class more favorably." *Lewis v. City of Union City*, 918 F.3d 1213, 1220-21 (11th Cir. 2019). None of these elements relate to whether Fortner satisfied a jurisdictional administrative prerequisite prior to filing her complaint. That said, it would make little sense to conclude for the purposes of Fortner's claim of race and sex discrimination in 2017 that she had or had not filed an EEO complaint, but leave the question open for summary judgment as to Fortner's retaliation claim for the same alleged EEO complaint. Thus, the undersigned will defer the jurisdictional question as to the 2017 sex and race discrimination claim for summary judgment as well, notwithstanding Defendant's attack does not involve its merits.

Since the undersigned will consider Defendant's motion under Rule 56 in its entirety, the most prudent path is to allow the parties an opportunity to present further evidence in support of or opposition to dismissal. *Cf.* FED. R. CIV. P. 12(d) (requiring the parties "be given a reasonable opportunity to present all the material that is pertinent to the motion" when a motion under Rule 12(b)(6) or 12(c) is converted to summary judgment). Here, Defendant's reference to the history of the case is well-taken. Accordingly, **no extensions of the deadlines below will be granted without a showing of good cause.**

## IV. Conclusion

Defendant's motion to dismiss, (doc. 12), is **CONVERTED** to a motion for summary judgment under Fed. R. Civ. P. 56. Defendant may submit a supplemental summary judgment brief and evidence by **June 2, 2020**. Plaintiff may submit a supplemental response brief and evidence by **June 16, 2020**. Defendant may submit a supplemental reply brief by **June 30, 2020**.

DONE this 19th day of May, 2020.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE